UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE D. HANNAH,

    Plaintiff,

Case No.12-13841

vs.                                    HON. GERSHWIN A. DRAIN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

ORDER ACCEPTING REPORT AND RECOMMENDATION (#15), OVERRULING PLAINTIFF'S OBJECTIONS (#16), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#14), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#11), AND DISMISSING PLAINTIFF'S CLAIMS

**I.**        **INTRODUCTION**

    This matter is before the Court on the parties' Cross-Motions for Summary Judgment as to Plaintiff Terrance D. Hannah's claim for judicial review of Defendant Commissioner of Social Security's denial of his application for disability insurance benefits. The matter was referred to Magistrate Judge Charles E. Binder, who issued a report and recommendation on July 8, 2013, recommending that Plaintiff's Motion for Summary Judgment be denied, Defendant's Motion for Summary Judgment be granted, and the Commissioner's findings and conclusions be affirmed. For the reasons that follow, the Court ACCEPTS Magistrate Judge Binder's recommendation.

**II.   PROCEDURAL AND FACTUAL HISTORY**

Mr. Hannah filed an application for disability insurance benefits on March 23, 2010 and 24, 2010 alleging disability as of February 9, 2010. After his claim was denied, Mr. Hannah requested a hearing before an Administrative Law Judge ("ALJ"). On May 2, 2011, ALJ Michael Wilenkin held a hearing on Mr. Hannah's claims. On June 27, 2011 the ALJ issued a decision denying Mr. Hannah's claims for benefits, finding:

> no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. . . [and] Plaintiff could perform a limited range of sedentary work.

(Tr. at 21-28). The ALJ further opined that Mr. Hannah, while unable to perform any past relevant work, could perform other work that exists in significant numbers in the state of Michigan, such as visual inspector (2,100 jobs in Michigan), packer (1,800 jobs in Michigan), sorter (1,700 jobs in Michigan), and assembler (2,400 jobs in Michigan). (Tr. at 74-76).

The Appeals Council of the Social Security Administration denied Mr. Hannah's request for review of the ALJ's decision on August 10, 2012, "at which point the ALJ's decision became the final decision of the Commissioner of Social Security." *Wilson v. Comm'r or Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citation omitted). Mr. Hannah initiated this civil action with the Court for review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

**III.   ANALYSIS**

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection

is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Sec'y of Health and Human Servs.*, 815 F. 2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Upon review of the administrative record, the parties' briefing, and the Report and Recommendation the Court finds the Magistrate Judge reached the correct conclusion and substantial evidence supported the ALJ's decision.

Plaintiff objects to the Magistrate Judge's conclusion that the ALJ correctly assessed his credibility regarding lumbar pain. With regard to Plaintiff's lumbar pain, he merely elaborates on an assertion already raised in his Motion for Summary Judgment. The Magistrate Judge acknowledged Plaintiff's lumbar condition was degenerative. (R&R at 19). However, the record indicates this condition was treated conservatively relative to Plaintiff's other conditions, which does not support a finding of total disability. *See Helm v. Comm'r. of Soc. Sec.*, 405 F. App'x 997, 1001 (6th Cir. 2011)(modest treatment inconsistent finding of total disability); *Myatt v. Comm'r of Soc. Sec.*, 251 F. App'x 332, 334-35 (6th Cir. 2007). Therefore, the Magistrate Judge correctly concluded the ALJ properly assessed Plaintiff's credibility. Plaintiff's objection is unpersuasive and fails to establish the ALJ's decision was not based on substantial evidence.

Plaintiff's next objection is the Magistrate Judge incorrectly affirmed the ALJ's conclusion that the treating physician was biased. Plaintiff supports this allegation by calling into question the Magistrate Judge's citation of a case from the United States Court of Appeals for the Seventh Circuit. The Magistrate Judge correctly noted the ALJ "will not give any special significance to the source of an opinion [including treating sources], on issues reserved to the Commissioner described in paragraphs (d)(1) and (d)(2) of this section[,]" such as a disability determination. 20 C.F.R. § 404.1527(d)(3). The Magistrate Judge correctly concluded that the ALJ gave the treating physician's opinion proper weight after discovering its internal inconsistencies. (R&R at 24). The Magistrate Judge cited the United States Court of Appeals for the Seventh Circuit decision, *Dixon v. Massanari*, 270 F.3d 1171, standing for the proposition that treating physicians can be biased because of their relationship with the Plaintiff and failure to appreciate how the Plaintiff compares to others with the same symptoms. (R&R at 21-22). *See Coldiron v. Comm'r of Soc. Sec.*, 391 Fed. App'x 435, 439 (6th Cir. 2010)(citing *Dixon v. Massanari*, 270 F.3d 1171(7th Cir. 2001)). Two other consulting physicians opined that Plaintiff could engage in work and was not disabled. (R&R at 25). Thus, substantial evidence supports the ALJ's conclusion of bias from the treating physician, and the Plaintiff's objection fails.

Plaintiff's next objection is the Magistrate Judge incorrectly suggested the ALJ findings were consistent with the consulting physician's opinion. Specifically, Plaintiff argues the ALJ ignored the consulting physician's report. The Magistrate Judge states in the Report the ALJ's finding were consistent with the consulting physician. (R&R at 24). The Magistrate Judge, however, did note the discrepancy between the consulting physician's conclusion that plaintiff could not handle his finances and plaintiff's testimony that he could handle his finances. However, the inability to handle

one's finances does not necessarily mean one has a cognitive impairment that supports a finding of disability. (R&R at 25). Plaintiff's objection fails because is it in direct contrast to the Magistrate Judge's conclusion and fails to establish the ALJ's decision was not supported by substantial evidence.

Finally, Plaintiff objects to the Magistrates Judge's suggestion that the ALJ reasonably came to a different decision from the State ALJ. Plaintiff argues the State ALJ found he was unable to engage in a full range sedentary work, and the Magistrate Judge's suggestion incorrectly relies on case law to find to the contrary. Plaintiff's argument is misguided. The Magistrate Judge's use of case law supports the proposition that other agencies' decisions are not binding, but must be considered. *Saunders v. Comm'r of Soc. Sec.*, No. 1:08-cv-1136, 2010 WL 1132286, at *7 (W.D. Mich. Mar. 3, 2010). The ALJ's finding of no disability was based on a vocational expert's findings and the opinion of two consulting physicians. The State ALJ had no vocational evidence. Thus, substantial evidence supports the ALJ's conclusion and Plaintiff's objection fails.

This Court declines to reject Magistrate Judge Charles E. Binder's findings and conclusions based on Mr. Hannah's objections, which are overruled. Therefore, the Court adopts Magistrate Charles E. Binder's July 8, 2013, report and recommendation in its entirety.

**IV.    CONCLUSION**

Accordingly, Plaintiff's objections are OVERRULED. Consistent with the analysis herein, the Court hereby ACCEPTS Magistrate Charles E. Binder July 8, 2013 Report and Recommendation [#15],GRANTS Defendant Commissioner's Motion for Summary Judgment [#14], DENIES plaintiff Terrance Hannah's Motion for Summary Judgment [#11] and

DISMISSES Plaintiff's Complaint with prejudice.

     SO ORDERED.

Dated: August 20, 2013

                                              S/Gershwin A. Drain
                                              GERSHWIN A. DRAIN
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 20, 2013, by electronic and/or ordinary mail.
S/Tanya Bankston
Deputy Clerk